CHARLES A. DANAHER (SBN 144604)
cdanaher@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, CA 92101
Telephone: (619) 236-1414
Facsimile: (619) 645-5321

THEONA ZHORDANIA (SBN 254428)
tzhordania@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
300 S. Grand Ave., Suite 1400
Los Angeles, CA 90071
Telephone: (213) 892-4915
Facsimile: (213) 452-8031

Attorneys for Defendant
DOLE FRESH VEGETABLES, INC.

FILED
CLERK, U.S. DISTRICT COURT
MAR 18 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LAURA HANSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLE FRESH VEGETABLES, INC.,<br><br>Defendant. | CASE NO. CV13-01552-ODW-(VBKx)<br><br>Hon. Otis D. Wright II<br><br>[CLASS ACTION]<br><br>**DEFENDANT DOLE FRESH VEGETABLES, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF LAURA HANSEN'S COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF THE COMPLAINT**<br><br>VOLUME 1 OF 2<br><br>Date: April 29, 2013<br>Time: 1:30 p.m.<br>Crtrm.: 11 |

ORIGINAL

Pursuant to Federal Rule of Evidence 201, defendant Dole Fresh Vegetables, Inc. ("Dole") submits the following Request for Judicial Notice in support of its Motion to Dismiss and/or Strike Plaintiff Laura Hansen's Complaint.

**Dole Packages Referred to in the Complaint**

The labels on Dole's salad kits, which are the subject of this action and referred to in the body of the Complaint, are the proper subject of judicial notice. *Williams v. Gerber Prods. Co.*, 439 F. Supp. 2d 1112, 1116 n.1 (S.D. Cal. 2006) ("The court takes judicial notice of the actual packaging submitted by Gerber. . . . The actual packaging better portrays the packaging than the black and white photocopies attached to the" complaint), *rev'd on other grounds by Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008); *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010) (taking judicial notice of labels at issue in the lawsuit).

As the Ninth Circuit has held, the labels referenced and pictured in the Complaint are the proper subject of judicial notice:

> Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the complaint refers extensively to the document or the document forms the basis of the plaintiff's claim. The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (internal citations omitted); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a 12(b)(6) motion to dismiss"), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (court can take judicial

notice of materials submitted by defendants with motion to dismiss).

Here, plaintiff specifically refers to, copies and describes the Dole labels at issue in paragraphs 3, 8, 13-17 of the Complaint. In paragraph 8, for example, plaintiff alleges that she relied on these labels in purchasing a Light Caesar Salad Kit. Moreover, information on the salad kit's package purports to form the basis of plaintiff's claims. District courts deciding similar claims involving food products have taken judicial notice of product packaging referenced in complaints. *See, e.g., McKinniss v. Sunny Delight Beverages Co.*, 2007 WL 4766525, at *4 n.1 (C.D. Cal. Sept. 4, 2007) (taking judicial notice of high-resolution color exemplars of product labels submitted by defendant on motion to dismiss in order to determine whether the labeling of juice beverage was deceptive); *McKinniss v. Kellogg*, 2007 WL 4766060, at *2 (C.D. Cal. Sept. 19, 2007) (taking judicial notice of packaging submitted by defendant in connection with motion to dismiss because it was of better quality than samples attached to complaint).

**Dictionary Definitions**

Courts routinely take judicial notice of dictionary definitions. *See* Charles Wright, 21B *Fed. Prac. & Proc. Evid.* § 5106.2 & n. 33 (2d ed.) (collecting cases); *U.S. v. Hilton*, 257 F.3d 50, 55 (1st Cir. 2001) (using Random House Dictionary of the English Language to take judicial notice of the meaning of "modem"); *Comerica Bank v. Lexington Ins. Co.*, 3 F.3d 939, 944 (6th Cir. 1993) (trial court properly used Websters Unabridged Dictionary to determine meaning of word "arising" in insurance policy); *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1145 (N.D. Cal. 2008) (taking judicial notice of Wikipedia definitions); *First National Bank in Sioux Falls v. First National Bank South Dakota*, 655 F. Supp. 2d 979, 992 n. 6 (D. S.D. 2009) (same); *Falkowski v. Imatation Corp*, 132 Cal. App. 4th 449, 508 n. 8 (2005) (in interpreting stock options, court takes judicial notice of the definitions of terms therein in various dictionaries); *Golden Security Thrift & Loan Ass'n v. First American Title Ins.Co.*, 61 Cal. Rptr. 2d 442, 445 (1997) (using

dictionary to determine that words "area" and "dimensions" are not interchangeable); *Campbell v. Shelton*, 727 N.E.2d 495, 501 (Ind. Ct. App. 200) (court can judicially notice the dictionary definitions of words); *State v. Casady*, 597 N.W.2d 801, 808 (Iowa 1999) (using chemical dictionary); *Stokes v. Com.*, 275 S.W.3d 185, 188 (Ky. 2008) (holding that medical dictionary was an "unimpeachable source" for judicial notice of medical terms); *State v. Yanez*, 553 P.2d 252 (N.M. Ct. App 1976); *Barrett v. Coast Range Plywood*, 661 P.2d 926, 928 n. 1 (Or. 1983) (using dictionary to determine the definition of "functional overlay"); *Matter of All-Star Insurance Corp.*, 332 N.W.2d 828 (Wis. Ct. App. 1983) (in determining the meaning of contract terms, court can take judicial notice of dictionary definitions).

**Internet Websites**

Courts may take judicial notice of Internet websites. *Perfect 10, Inc. v. Cybernet Ventures*, 213 F. Supp. 2d 1146, 1154-55 (C.D. Cal. 2002) (admitting print-outs from third-party website, as long as supported by declaration that they were printed under the declarant's direction, represent true and correct copies of pages printed from the website, and contain the domain address and date on which they were printed); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (2010) (taking judicial notice of internet screen shot); *Cosmos Jewelry Ltd. v. Po Sun Hon, Co.*, 2004 WL 1515943, at *3 (N.D. Cal. April 5, 2004) (taking judicial notice of Google search engine results); *see United States v. Tank*, 200 F.3d 627, 630-31 (9th Cir. 2000) (when assessing adequacy of authentication of chat room conversation print-out, foundational requirement is satisfied by evidence sufficient to sustain the finding that the print-out is what proponent says it is; proponent is required to make only prima facie showing); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the worldwide web"); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (taking

judicial notice of two Amazon.com web pages for texts on a disease at issue and the website for the American Academy of Allergy Asthma & Immunology); *Cairns v. Franklin Mint Co.*, 107 F. Supp. 2d 1212, 1216 (C.D. Cal. 2000) (taking sua sponte judicial notice of images of Andy Warhol paintings on the Warhol Museum's internet site); *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 105 (N.D. Cal. 2006) (taking judicial notice of websites); *Optivus Technology, Inc. v. Ion Beam Applications S.A.*, 2004 WL 5700631, at *18 n. 15 (C.D. Cal. Aug. 31, 2004) (taking judicial notice of various websites and the technical glossaries embedded therein); *In re NVIDIA GPU Litig.*, 2009 WL 4020104, at *8 (N.D. Cal. Nov. 19, 2009) (taking judicial notice of webpages of defendant's competitors); *see also Austin v. American Ass'n of Neurological Surgeons*, 253 F.3d 967, 971 (7th Cir. 2001) ("[T]here is an abundance of up-to-date relevant [medical] literature easily retrievable from the World Wide Web .... [referring to various websites]"); *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 384 (7th Cir. 2001) ("While the record is silent on this [jurisdictional factual] question, outside sources indicate ... [citing website]"); *Wang v. Pataki*, 396 F. Supp. 2d 446, 458 (S.D.N.Y. 2005) ("The Court may take judicial notice of such internet material"); *Francarl Realty Corp. v. Town of E. Hampton*, 628 F. Supp. 2d 329, 332 n. 3 (E.D.N.Y. 2009) ("This Court may take judicial notice of the contents of a website assuming, as in this case, its authenticity has not been challenged and it is "capable of accurate and ready determination").

As one leading treatise on federal evidence notes:

[W]ebsites are prevalent among corporations, government agencies, educational institutions, and community and public service organizations and include information on which the public often relies in making important decisions.

\*   \*   \*

[I]n view of the liberal attitude of the Federal Rules of Evidence toward the

admissibility of relevant evidence and the slight burden Rule 901 places on the proponent of an exhibit to prove its authenticity (see § 901.02[3]), it is not surprising that electronic data and social media technology in its many forms (Internet forums, weblogs, social blogs and microblogs (Twitter), collaborative projects (Wikipedia), content communities (YouTube), social networking sites (FaceBook, MySpace), email, and instant messaging, for example) have made their way into the courtroom.

5-901 *Weinstein's Federal Evidence* § 901.08 (2013).

Here, all of the website materials included in the Exhibits contain clear web addresses, dates they were accessed or written, and are publicly available on the Internet. The relationship between the web documents and the websites listed is therefore not subject to reasonable dispute. They are likewise capable of accurate and ready determination. The foundation for these documents is set forth in the concurrently filed Declaration of Charles A. Danaher.

**Periodicals and Science Journals**

Courts may take judicial notice of publicly-available information to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.2010) (taking judicial notice of newspaper articles, books and magazine articles); *Benak ex rel. Alliance Premier Growth Fund v. Alliance*, 435 F.3d 396, 401 n. 15 (2006) ("We see no basis to upset the District Court's decision to take judicial notice of newspaper articles supplied by appellees. The inquiry notice analysis is an objective one. Whether appellants read the articles or were aware of them is immaterial. They serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"); *United States v. Emergency Medical Associates of Ill., Inc.*, 436 F.3d 726, 729 (7th Cir. 2006) (medical industry news reports constitute public disclosures); *United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 47 (D.D.C 2007) (newspaper articles).

**Documents From Government Agencies**

The court may take judicial notice of federal regulations. *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (taking judicial notice of regulations promulgated by the Federal Trade Commission).

The Court may also take judicial notice of applications to government agencies. *See, e.g., Autodesk, Inc. v. Dassault Systemes Solidworks Corp.*, 2008 WL 6742224, at *2 n.1 (N.D. Cal. Dec. 18, 2008) (taking judicial notice of applications and registrations printed from the United States Patent and Trademark Office website); *FreecycleSunnyvale v. Freecycle Network, Inc.*, 2006 WL 870688, at *2 (N.D. Cal. Apr. 4, 2006) (taking judicial notice of document filed before Trademark Trial and Appeal Board); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of ... matters of public record").

Likewise, the Court may also take judicial notice of records and reports of government agencies. *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies"); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of . . . the records and reports of administrative bodies"); *Louie v. McCormick & Schmick Rest. Corp.*, 460 F. Supp. 2d 1153, 1155-56 n. 4 (C.D. Cal. 2006) (taking judicial notice of "various opinion letters issued by federal and state regulatory agencies..."); *3ayview Hunters Point Catty. Advocates v. Metro. Transp. Comm'n*, 366 F.3d 692, 702 (9th Cir. 2004) (taking judicial notice of an EPA proposed rule).

## DOCUMENTS

**Exhibit 1**: True and correct copies of the Dole salad kit labels that are the subject of this lawsuit.

**Exhibit 2**: True and correct copies of dictionary and popular encyclopedia definitions of xanthan gum.

**Exhibit 3**: True and correct copies of screen shots from the manufactures of other "natural" or "all natural" salad dressings.

**Exhibit 4**: True and correct copies of screen shots from the manufactures of non-natural salad dressings and other products, identifying xanthan gum as a "natural" ingredient.

**Exhibit 5**: True and correct copies of documents obtained from the Whole Foods Market website explaining and listing "acceptable" ingredients.

**Exhibit 6**: True and correct copies of documents obtained from the National Product Association website.

**Exhibit 7**: True and correct copies of documents obtained from the Wikipedia website for "natural gums."

**Exhibit 8**: True and correct copies of newspaper articles referring to xanthan gum as a natural ingredient. These articles were obtained from the Westlaw database. These documents include the following:

Ashley Primis, <u>A Rare Gluten-Free Bread Bakery Toté in the Italian Market Turns Out Delicious Products</u>, Phila. Inquirer, Mar. 15, 2012, at F1, available at 2012 WLNR 5526278

Florence Fabricant, <u>With a Few Tricks, Viola! The Low-Fat Kitchen</u>, NY Times, Mar. 3, 1993, at C1, available at 1993 WLNR 3343895

<u>Summer Promotion Tests Creativity of Diners, Chefs</u>, Ariz. Republic, July 25, 2012, at 4, available at 2012 WLNR 15836860

<u>Super – Absorbent Polymers – A Global Strategic Business Report</u>, CompaniesandMarkets.com, Nov. 20, 2012, available at 2012 WLNR 24721808

Eatocracy CNN.com Blogs, <u>Tips for Gluten – Free Cookies</u>, http://eatocracy.cnn.com/2011/12/19/55-tips-for-gluten-free-cookies/ (last visited Mar. 4, 2013)

**Exhibit 9**: True and correct copes of science journals and publications regarding the contemporary meaning of xanthan gum. Most of these documents were primarily obtained from the Westlaw and Lexis databases. These documents include the following:

Research from Louisiana State University Has Provided New Data on Agriculture and Soil Science Agriculture and Soil Science, Health & Med. Wk. 2384, Dec. 5, 2011, available at 2011 WLNR 24875442

L. Land et al., Microbial Response to Potential Soil-Stabilizing Polymer Amendments for Coastal Wetland Restoration, 75 Soil Sci. Soc'y Am. J. (Abstracts) 2398, Nov. 1, 2011, available at 2011 WLNR 24158755

New Research on Sensory Studies from University of Havre Summarized Sensory Studies, Life Sci. Wkly 1639, Nov. 27, 2012, available at 2012 WLNR 24889427

Pickle Relish Won't Weep With Gum Blend Stabilizer, 53 Food Processing 48, May 1, 1992, available at 1992 WLNR 5049052

Usha Nayak et al., Chronotherapeutic Drug Delivery for Early Morning Surge in Blood Pressure: A Programmable Delivery System, 136 J. Controlled Release 2 125, June 5, 2009, available on LEXIS

R.P. Dixit & S.P. Puthli, Oral Strip Technology: Overview and Future Potential, 139 J. Controlled Release 2 94, Oct. 15, 2009, available on LEXIS

Study Findings on Patient Care Are Outlined in Reports from Shizuoka Cancer Center Patient Care, Health & Med. Wk. 3502, Apr. 20, 2012, available at 2012 WLNR 7736025

Study Findings on Patient Care Are Outlined in reports from Shizuoka Cancer Center Patient Care, Obesity, Fitness & Wellness Wk. 2589, Apr. 21, 2012, available at 2012 WLNR 7730313

Laura Brandt, Salad Days for Healthy Dressings, 168 Prepared Foods 53, Oct. 1999, available at 1999 WLNR 5320309

Jaleh Varshosaz et al., Use of Hydrophilic Natural Gums in Formulation of Sustained – Release Matrix Tablets of Tramadol Hydrochloride, 7(1) AAPS PharmSciTech E24, Mar. 17, 2006, available on LEXIS

H. Hatta et al., A Novel Isolation Method for Hen Egg Yold Antibody, "IgY", 54(10) Agric. Biol. Chemistry 2531-5, Oct. 1990, available on LEXIS

Sasa Nikolicc et al., Lipid Nanoparticles: Nanocarriers for more Effective and Safer Photoprotective Products, 6(5) Expert Rev. Dermatology 501, Oct. 2011, available on LEXIS

Carbohydrate Research; Reports from Malmo University Describe Recent Advances in Carbohydrate Research, Science Letter via NewsRx.com 2212, Sept. 7, 2010, available on LEXIS